IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN MICHAEL ENARD, | § | |
| *Petitioner*, | § | |
| v. | § | CIVIL ACTION NO. H-19-1102 |
| LORIE DAVIS, | § | |
| *Respondent.* | § | |

## ORDER OF DISMISSAL

Petitioner John Michael Enard, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his two 2015 felony convictions. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed for failure to exhaust.

A petitioner must fully exhaust state court remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with section 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). The exhaustion requirement is satisfied when the substance of the federal claim is fairly presented to the Texas Court of Criminal Appeals on direct appeal or in state post-conviction proceedings. *Fisher v. State of Texas*, 169 F.3d 295, 302 (5th Cir. 1999).

Exceptions to the exhaustion requirement exist only where there is an absence of available state corrective process or circumstances exist that render the available process ineffective. 28 U.S.C. § 2254(b)(1)(B). The Fifth Circuit Court of Appeals recognizes that exceptions to the exhaustion requirement apply only in "extraordinary circumstances." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

Petitioner states that he was convicted of violating his civil commitment requirements and failing to register as a sex offender on September 3, 2015. He reports that the convictions were affirmed on direct appeal and that discretionary review was refused on June 7, 2017. Petitioner further states, and public court records show, that the applications for state habeas relief he filed with the trial court in December 2018 remain actively pending before that court.

Petitioner's petition and public state court records show that he has not exhausted his state court remedies. No extraordinary circumstances are shown that render the available and pending state processes ineffective for purposes of federal exhaustion, and this petition must be dismissed for failure to exhaust.

This lawsuit is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

Signed at Houston, Texas, on this the 26th day of March, 2019.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE